Case 2:24-cv-00140-TOR    ECF No. 18    filed 09/16/24    PageID.184   Page 1 of 10

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD DEAN BOYD and VALERIE BOYD, as husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>LUIS MORENO aka MOSHE BEN MOR and KELLI JO MORENO, as husband and wife,<br><br>Defendants. | NO. 2:24-CV-0140-TOR<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM |

BEFORE THE COURT is Plaintiffs' Motion to Dismiss Defendants' Counterclaim. ECF No. 8. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion to Dismiss Defendants' Counterclaim, ECF No. 8, is GRANTED.

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 1

# BACKGROUND

This matter arises out a claim for fraud, breach of contract, negligent misrepresentation, and unjust enrichment. Plaintiffs and Defendants began a business relationship in 2014 on the shared interest of laundry equipment sales. ECF No. 1 at 3, ¶ 13. Over the years, Plaintiffs and Defendants bonded over their involvement with their religious beliefs, and the crux of Plaintiffs' claims began in 2022, when they started investing in Defendants' businesses in El Salvador. ECF No. 1 at 4, ¶ 21. Their business relationship apparently dissolved at the end of 2023, and Plaintiffs have alleged a loss of $911,044.56 in total investment toward Defendants' various business ventures. *Id*. at 27, ¶¶ 237–42.

Defendants have counterclaimed, arguing that Plaintiffs have been unjustly enriched. Defendants allege that in 2019, Mr. Boyd agreed to build a laundromat for Defendants, and they provided $268,000 as a downpayment for the project. ECF No. 6 at 20 ¶ 3.5. As part of the agreement, Mr. Boyd also was to provide the laundry equipment at a deep discount in recognition of their past business dealings. *Id*., ¶ 3.6. Mr. Moreno also allegedly purchased 30 ounces of gold for Mr. Boyd, which Mr. Moreno understood to be an additional downpayment for the construction project. *Id*., ¶ 3.7. However, the laundromat was never built. Defendants allege that instead of constructing their project, Mr. Boyd built a

laundromat for one of Defendants' competitors. *Id.*, ¶ 3.8. Upon demand, Mr. Boyd stated that he was unable to repay the $268,000, but allegedly promised to repay Defendants with profits from future business ventures. *Id.*, ¶ 3.9. However, Defendants were never repaid the $268,000 and 30-ounces of gold. *Id.* at 22, ¶ 4.3.

Plaintiffs argue that Defendants' counterclaims should be dismissed as time barred. ECF No. 8 at 4. Defendants argue that the statute of limitation does not begin to run until the enrichment becomes unjust, which was not until sometime after 2019, making their claim timely. ECF No. 14 at 8.

## DISCUSSION

### I.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 3

1  . . . to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec.*
2  *Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is,
3  the plaintiff must provide "more than labels and conclusions, and a formulaic
4  recitation of the elements." *Twombly*, 550 U.S. at 555.  Instead, a plaintiff must
5  show "factual content that allows the court to draw the reasonable inference that
6  the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662.  A claim
7  may be dismissed only if "it appears beyond doubt that the plaintiff can prove no
8  set of facts in support of his claim which would entitle him to relief." *Navarro*,
9  250 F.3d at 732.

10  **II.     Statute of Limitation**

11        The Defendants counterclaim raises the issue of unjust enrichment under
12  Washington State law.  ECF No. 6 at 21–22.  A federal court sitting in diversity
13  jurisdiction applies federal procedural law and the substantive law of the forum
14  state.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Washington, unjust
15  enrichment is the method of recovery for a benefit retained absent a contractual
16  relationship.  *See Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.,* 61 Wash.App.
17  151, 160 (1991).  A party claiming unjust enrichment must show (1) the opposing
18  party received a benefit, (2) the received benefit is at the claiming party's expense,
19  and (3) the circumstances make it unjust for the opposing party to retain the benefit
20  without payment.  *Young v. Young*, 164 Wash. 2d 477, 484–85 (2008).  Claims for

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS'
COUNTERCLAIM ~ 4

unjust enrichment are subject to a three-year statute of limitation pursuant to RCW 4.16.080(3).  *Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 838, 991 P.2d 1126, 1134, opinion corrected on denial of reconsideration, 1 P.3d 578 (Wash. 2000).  The statutory period begins to run when a complaining party, using reasonable diligence, should have discovered the cause of action.  *Hart v. Clark County,* 52 Wash.App. 113, 117 (1988).  "The discovery rule does not require knowledge of the existence of a legal cause of action itself, but merely knowledge of the facts necessary to establish the elements of the claim."  *Douchette v. Bethel* Sch. Dist. No. 403, 117 Wash.2d 805, 814 (1991).  Enrichment itself is not the test for when the claim becomes ripe, but rather when the complainant discovers, or should have discovered, that the enrichment was unjust.  *See Lagow v. Hagens Berman Sobol Shapiro LLP*, 28 Wash.App. 2d 1055 (2023) ("[C]ase law interpreting the discovery rule suggests that such a claim would actually begin to mature when a claim of unjust enrichment was 'susceptible of proof.' "); *see also Parman v. Est. of Parman*, 2024 WL 1734727, at *10 (Wash. Ct. App. Apr. 23, 2024) ("Conferring a benefit alone does not trigger a cause of action for unjust enrichment—retention of the benefit must be unjust in the circumstances.").

Here, Plaintiffs and Defendants disagree as to when the statute of limitation began to run.  If Plaintiffs were unjustly enriched when Defendants discovered that

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 5

the laundromat was not going to be constructed, then the claim is likely time barred as Plaintiffs assert that occurred no later than December 31, 2019. ECF No. 8 at 4. In support of this contention, Plaintiffs request the Court take judicial notice of a bill of sale for Mr. Boyd's laundromat distributorship in 2019 without converting the Motion to Dismiss into a Motion for Summary Judgment. See ECF Nos. 8 at 10 and 8-1 at 2. Typically, when reviewing a Rule 12(b)(6) motion to dismiss, a district court is limited only to consideration of the complaint. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). If a district court considers evidence outside the pleadings, then normally it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908. Plaintiffs request that the Court take judicial notice of the sale because Defendants reference it specifically within their pleadings and "rely on the allegation as part of their Counterclaim." ECF No. 8 at 10. Finding that the Counterclaim does reference the sale of the business (ECF No. 6 at 21, ¶ 3.10), the Court takes judicial notice that Mr. Boyd's business was sold on March 1, 2019, without converting the Motion to Dismiss into a Motion for Summary Judgment.

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 6

Defendants admit that as early as 2020, it became apparent that the laundromat was not going to be built, making a claim timely by no later than 2023. ECF No. 14 at 4.  And even if a deal was struck for Plaintiffs to repay Defendants from profits from future business projects, Defendants' counterclaim states that Mr. Boyd sold his distributorship shortly thereafter and expressed a desire, "to have his toes in the sand on a warm beach," seemingly suggesting that close in time to 2019 there would be no future work to compensate the lost laundromat downpayment.  ECF No. 6 at 21, ¶ 3.10.  Additionally, though the Counterclaim states that Mr. Moreno considered the purchase of gold to be part of the downpayment, it is not alleged that Mr. Boyd agreed or even knew that it was part of the exchange.  ECF No. 6 at 20, ¶ 3.8.  Neither the Complaint nor the Counterclaim discuss in detail what work was conducted between the parties between 2019 and 2022, and therefore it is wholly unclear to the Court how Defendants' counterclaim is not time barred from the moment Mr. Boyd expressed a desire to retire.  Any future business dealings related to the laundromat business would be impossible after 2019 when Mr. Boyd sold his business.  And though Defendants alleged that Plaintiffs became "interested" in a contemplated business arrangement in El Salvador shortly after the time of the laundromat business sale, any other business relationship would not be ascertainable until 2022 when Plaintiffs alleged they actually agreed to enter into business with Mr. Moreno.

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 7

ECF No. 1 at 5–6, ¶¶ 31–37.  Though the Counterclaim stated that Mr. Moreno allowed Mr. Boyd to join his business ventures in El Salvador because he was seeking repayment of his downpayment for the laundromat, once again, it is not alleged that Mr. Boyd was aware that future dealings from this business relationship would be used as a repayment method.  ECF No. 6 at 21, ¶ 3.12.  In sum, as the Counterclaim is currently pled, Defendants discovery that the laundromat was not going to be built is sufficient to begin the three-year period, and they have offered no additional evidence to rebut the contention that Plaintiffs were unjustly enriched sometime in 2019 or 2020.  *Douchette* 117 Wash.2d at 814.

       Further, the Counterclaim as currently pled does not make it clear how repayment from the laundromat acts as an offset for business conducted after Mr. Boyd sold his distributorship.  In Washington, a statute of limitation never runs against a defense arising out of the same transaction sued upon.  *Allis-Chalmers Corp. v. City of N. Bonneville*, 113 Wash.2d 108, 112 (1989) (quoting *Ennis v. Ring*, 56 Wash.2d 465, 471 (1959)).  Defendants assert that Plaintiffs intentionally began the factual allegations of this lawsuit just after the exchange of the downpayment for the laundromat and leave out the allegation that it would be repaid using the profits from future business ventures.  ECF No. 14 at 14. However, the Counterclaim is devoid of any factual allegation suggesting Mr. Boyd was ever aware that profits specifically from the El Salvador business

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 8

dealings would be used to offset Plaintiffs' retention of the laundromat downpayment.  *See* ECF No. 6 at 21, ¶¶ 3.12–3.13 (stating that the parties would "split" the profits of the El Salvador businesses).  There is currently no connection between the two business dealings, and the Court cannot find that the Counterclaim makes sufficient factual allegations to consider them "the same transaction."

Defendant request that the Court permit amendment of the Counterclaim if it finds the claim time barred as currently pled.  ECF No. 14 at 15.  Amendment of pleadings is governed by Federal Rule of Civil Procedure 15.  Under Rule 15(a)(2), a plaintiff seeking to amend its complaint after an answer has been filed must obtain either the opposing party's written consent or leave of the court.  Fed. R. Civ. P. 15(a)(2).  Leave to amend a party's pleading "should [be] freely give[n] ... when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted).  Absent factors such as bad faith, undue delay, repeated failures to cure defects, undue prejudice to the opposing party, or futility of amendment, a court should grant leave to amend.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citations omitted).  Plaintiffs request that the Court dismiss Defendants' counterclaim with prejudice, but do not address any of the specific factors.  ECF No. 8 at 11.  Given the early stage of this lawsuit, the Court does not find that

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 9

Plaintiffs will face overwhelming prejudice in allowing Defendants to amend their counterclaim. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987) (noting that avoiding prejudice to the opposing party is the most critical factor in determining whether to grant amendment). Further, the Court does not find that amendment in this situation would be futile.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Dismiss Defendants' Counterclaim (ECF No. 8) is **GRANTED.** Defendants' Counterclaim is **DISMISSED without prejudice.**

2. Defendants may amend their Counterclaim within **21 days** of this Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED September 16, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 10