UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD DEAN BOYD and VALERIE BOYD, as husband and wife,<br><br>                      Plaintiffs,<br><br>v.<br><br>LUIS MORENO aka MOSHE BEN MOR and KELLI JO MORENO, as husband and wife,<br><br>                      Defendants. | NO. 2:24-CV-0140-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM |

BEFORE THE COURT is Plaintiffs' Motion to Dismiss Defendants' Counterclaim (ECF No. 20). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion to Dismiss Defendants' Counterclaim (ECF No. 20) is DENIED.

ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 1

# BACKGROUND

This counterclaim for unjust enrichment arises out of a claim for fraud, breach of contract, negligent misrepresentation, and unjust enrichment. In its Order Granting Plaintiffs' Motion to Dismiss, the Court granted leave to Defendants to amend their Counterclaim and incorporates by reference the background laid out therein. ECF No. 18.

In their Amended Counterclaim, Defendants bolster their allegations that they enjoyed a sort of "running total" business relationship with Plaintiffs, whereby they would exchange favors with the knowledge that it would be repaid in kind in a later project. ECF No. 19 at 19, 20 ¶¶ 3.3, 3.6. Defendants omit all dates from the Amended Counterclaim, except that Mr. Moreno and Mr. Boyd entered into an agreement sometime in 2019 whereby Mr. Boyd would build a laundromat for Defendants, in exchange for a downpayment of $268,000. *Id*. at 20, ¶ 3.5. At some point in the future, unspecified in the Amended Counterclaim, it became clear that the laundromat was not going to be built.[1] *Id*., ¶ 3.8. Defendants now allege that Mr. Boyd agreed to apply the downpayment and gold purchased for him by Mr. Moreno to a "future project that they would work on together." *Id*., ¶ 3.9.

---

[1] In its previous Order, the Court took judicial notice of the fact that Mr. Boyd sold his distributorship on March 1, 2019. ECF No. 18 at 9.

ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 2

Defendants assert that this agreement was passable because "[g]iven their history of business relationships, and the probability of future work together, this arrangement was consistent with their commercial relationship." *Id*. The parties did not engage in a business endeavor together again until the El Salvador venture, which Defendants assert they allowed Mr. Boyd to participate in as part of the bargain to recoup the laundromat downpayment and purchased gold. *Id*. at 21, ¶¶ 3.10–3.11. However, according to Defendants, Mr. Boyd never contributed his fair share to the arrangement. *Id*. at 22, ¶ 3.14.

Plaintiffs renew their Motion to Dismiss Defendants' Counterclaim, arguing that the amendment is still deficient in demonstrating a connection between the defunct laundromat endeavor, the purchase of gold, and the at issue El Salvador-based car resale business. ECF No. 20 at 4.

## DISCUSSION

As was previously discussed, Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's

claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences . . . to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Instead, a plaintiff must show "factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

Once again, the crux of this dispute is whether Defendants' Counterclaim for unjust enrichment is time barred by the three-year statute of limitation under RCW 4.16.080(3). A party claiming unjust enrichment must show (1) the opposing party received a benefit, (2) the received benefit is at the claiming party's expense, and (3) the circumstances make it unjust for the opposing party to retain the benefit without payment. *Young v. Young*, 164 Wash. 2d 477, 484–85 (2008). The statutory period begins to run when a complaining party, using reasonable diligence, should have discovered the cause of action. *Hart v. Clark County,* 52

ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 4

Wash.App. 113, 117 (1988). "The discovery rule does not require knowledge of the existence of a legal cause of action itself, but merely knowledge of the facts necessary to establish the elements of the claim." *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wash.2d 805, 814 (1991). Enrichment itself is not the test for when the claim becomes ripe, but rather when the complainant discovers, or should have discovered, that the enrichment was unjust. *See Lagow v. Hagens Berman Sobol Shapiro LLP*, 28 Wash.App. 2d 1055 (2023) ("[C]ase law interpreting the discovery rule suggests that such a claim would actually begin to mature when a claim of unjust enrichment was 'susceptible of proof.' "); *see also Parman v. Est. of Parman*, 2024 WL 1734727, at *10 (Wash. Ct. App. Apr. 23, 2024) ("Conferring a benefit alone does not trigger a cause of action for unjust enrichment—retention of the benefit must be unjust in the circumstances.").

      Neither party seems to dispute the first two factors, as it is established that Mr. Boyd received the $268,000 as a downpayment for the laundromat from Plaintiffs and 30 ounces of gold that he requested Mr. Moreno purchase for him. However, Defendants argue that Plaintiffs' enrichment was not unjust until Mr. Boyd refused to contribute to the El Salvador business in 2022 or 2023, as the benefit conferred upon him had been redefined in light of the breakdown of the laundromat deal. ECF No. 21 at 14. Essentially a restructure of the same argument, Defendants posit that the downpayment and gold were part of the "same

ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 5

transaction," as the used car business given the redefined roles as being compensation for "possible" future business ventures, and the claim is therefore timely. *Id*. at 15. Given the nature of a Rule 12(b)(6) Motion, the Court finds it plausible that the enrichment became unjust during the El Salvador business venture. While Plaintiffs are correct that Defendants could have brought suit for the downpayment on the laundromat when it became clear it wasn't going to be built, the Court must accept as true the allegation that the parties redefined the nature of the downpayment and the purchase of gold to use for a "possible," future business dealing. *In re Stac Elecs. Sec. Litig.*, 89 F.3d at 1403. Under the construction as pled, the agreement may have never come into fruition. Indeed, in taking the allegations in the Counterclaim as true, the opportunity to collect on the enrichment did not manifest itself until somewhere between two and three years later. However, if the parties chose to apply the funding toward a potential project far flung into the future given their alleged past dealings, then Plaintiffs' retention would not become unjust until that point in time. As such, the Court declines to dismiss Defendants' Counterclaim at this time.

//

//

//

//

ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 6

1  **ACCORDINGLY, IT IS HEREBY ORDERED:**

2  Plaintiffs' Motion to Dismiss Defendants' Counterclaim (ECF No. 20) is

3  **DENIED**.

4  The District Court Executive is directed to enter this Order and furnish

5  copies to counsel.

6  DATED January 7, 2025.

             *Thomas O. Rice*
             THOMAS O. RICE
        United States District Judge

ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM ~ 7